IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAUREN SHAY WAINWRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-317-WKW |
| | ) | [WO] |
| MATTHEW THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Matthew Thomas's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. # 6) and Plaintiff's Motion to Transfer Venue (Doc. # 14).  Based upon careful consideration of the arguments of counsel, the relevant law, and the record, Defendant's motion to dismiss is due to be denied and Plaintiff's motion to transfer is due to be granted.  This action, which undisputedly is in the wrong venue, will be transferred in the interest of justice to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1406(a).

## I. JURISDICTION AND VENUE

The court exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Defendant objects to personal jurisdiction and venue.

## II.  STANDARDS OF REVIEW

### A.      Motion to Dismiss for Lack of Personal Jurisdiction

A Rule 12(b)(2) motion tests the court's exercise of personal jurisdiction over a defendant.  *See* Fed. R. Civ. P. 12(b)(2).  Where a Rule 12(b)(2) motion to dismiss is decided without an evidentiary hearing, a plaintiff bears the burden of "establish[ing] a prima facie case of personal jurisdiction over a nonresident defendant."  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).  Allegations in the complaint are presumed true, if uncontroverted by the defendant's evidence. *Id.*

### B.      Motion to Dismiss for Improper/Wrong Venue

The federal venue statute, 28 U.S.C. § 1391(a), applicable in this diversity action, provides that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Id.*

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a complaint for "improper venue," and  28 U.S.C. § 1406(a) provides that

"[t]he district court of a district in which is filed a case laying venue in the wrong

. . . district shall dismiss, or if it be in the interest of justice, transfer such case to

any district . . . in which it could have been brought." Rule 12(b)(3) and § 1406(a)

authorize dismissal, therefore, when venue is "improper" or "wrong" in the district

in which the plaintiff commenced this action. Additionally, § 1406(a) permits a

transfer to an appropriate forum "in the interest of justice," even if personal

jurisdiction over the defendant is lacking. *See Goldlawr, Inc. v. Heiman*, 369 U.S.

463, 466 (1962) ("The language of [§] 1406(a) is amply broad enough to authorize

the transfer of cases, however wrong the plaintiff may have been in filing his case

as to venue, whether the court in which it was filed had personal jurisdiction over

the defendants or not.").

When reviewing a challenge to venue, the court accepts the allegations of

the complaint "as true, to the extent they are uncontroverted by defendants'

affidavits." *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845

(11th Cir. 1988). Additionally, the plaintiff bears the burden of demonstrating that

venue is proper. *Id.*

### III.  BACKGROUND

In April 2012, Plaintiff met Defendant, an enlisted Navy sailor, when he was

stationed in Norfolk, Virginia. The two had sexual intercourse, and subsequently,

on April 30, 2012, Plaintiff learned she had contracted herpes. Plaintiff alleges

that Defendant knew he was infected with herpes when they had sexual intercourse, but failed to inform her and expressly denied that he had a sexually transmitted disease.   Consequently, on April 30, 2014, Plaintiff filed this action in this district against Defendant pursuant to 28 U.S.C. § 1332(a), alleging state-law claims for negligence, wantonness, fraudulent suppression, and fraudulent misrepresentation with a $1 million demand.

As Defendant attests, he never has lived in or stepped foot in Alabama, and "all physical contact between [him] and the Plaintiff occurred in Virginia." (Def.'s Aff., at 1 (Doc. # 6-1, at 1).)   Defendant further attests that he currently is a resident of Lubbock, Texas, but that in April 2012, he was enlisted in the United States Navy and stationed in Norfolk, Virginia.

## IV.  DISCUSSION

Defendant moves to dismiss this action, arguing that venue in the Middle District of Alabama is "improper" under Rule 12(b)(3), that venue is "wrong" under § 1406(a), and that personal jurisdiction is lacking under Rule 12(b)(2).[1]

---

[1] Defendant also cites 28 U.S.C. § 1631, which permits dismissal when there is "a want of jurisdiction," or, alternatively, a transfer when a transfer "is in the interest of justice." *Id.* There is not a consensus among courts, however, "on the question of whether § 1631 authorizes transfer of a case when there is a lack of personal jurisdiction," as opposed to a lack of subject-matter jurisdiction. *See Crowe v. Paragon Relocation Res., Inc.*, 506 F. Supp. 2d 1113, 1125 n.23 (N.D. Fla. 2007) (collecting cases); *see also* 15 Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3842 ("[L]imiting Section 1631 to transfers to cure a lack of subject matter jurisdiction is consistent with the intent and purpose of Congress."). Here, subject-matter jurisdiction is proper, thus, raising a question as to the applicability of § 1631. The court need not weigh in on this debate, however, to decide this case.

Plaintiff concedes that "venue cannot properly be laid in the Middle District of Alabama under 28 U.S.C. § 1391." (Doc. # 14, at 1.)  Plaintiff's concession is consonant with the record.   The Complaint does not contain allegations establishing proper venue in this district under any of the three methods available under § 1391.   There are no facts establishing that Defendant resides in this district, *see* § 1391(a)(1), that a substantial part of the events occurred in this district, *see* § 1391(a)(2), or that Defendant is subject to personal jurisdiction here, *see* § 1391(a)(3).   On this record, venue is improper under § 1391(a), and personal jurisdiction over Defendant also is lacking.   Against this backdrop, the issue is whether to dismiss or to transfer this action to an appropriate venue.

Defendant argues for dismissal on grounds that Plaintiff has presented no "colorable basis for jurisdiction or venue" in the Middle District of Alabama and that transfer would be futile because her claims are "facially time barred."  (Doc. # 17, at 7.)  Plaintiff urges, on the other hand, a transfer pursuant to § 1406(a) either to the United States District Court for the Northern District of Texas on grounds that she only recently discovered where Defendant resides, or to the "4th Judicial District of Virginia." (Doc. # 14, at 1.)

The parties agree that Plaintiff could have brought this action in the Northern District of Texas because Defendant now resides in Lubbock, Texas; however, § 1406(a) does not authorize a transfer to a state tribunal, including the

"4th Judicial District of Virginia." Hence, the court must decide whether a transfer to the Northern District of Texas is within the interest of justice pursuant to § 1406(a).

The decision whether to transfer or dismiss a case pursuant to § 1406(a) "lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The leading case on § 1406(a) transfers is *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962). In *Goldlawr*, the Supreme Court explained that Congress enacted § 1406(a) to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466. The plaintiff in *Goldlawr* would have suffered an injustice had the court dismissed its case because the statute of limitations had run on the majority of its claims. *See id.* The Court held:

> The language of [§] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue. . . . If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of [§] 1406(a), recognized that the interest of justice may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities.

*Id.* at 467 (citation and internal quotation marks omitted); *see generally Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 (1972) (observing

generally that "venue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum").

Lower courts decided after *Goldlawr* likewise have recognized that "[a] 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)); *see also Minnette*, 997 F.2d at 1027 ("[T]he transfer of this action, when the statute of limitations has run, is in the interest of justice."). Other considerations relevant to the interest-of-justice inquiry include a balancing of the prejudices and whether the plaintiff filed in the wrong venue in good faith. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) ("When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors."); *see also Wallace v. Whitt*, 935 F.2d 271, at *2 (6th Cir. 1991) (unpublished) (holding that the district court "erred in dismissing the case in the face of its finding of severe prejudice to the plaintiffs from a dismissal and no prejudice to defendants from transfer as well as a finding of improper venue through no fault of the parties"); *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983) (holding that

a transfer under § 1406(a) was in the interest of justice where "[r]efusal to transfer spell[ed] the end to the action, while transfer would not prejudice the defendants' position on merits").   As another district court in this circuit has reasoned with respect to transfers generally, "[w]hen venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant." *Palmer v. Dau*, No. 6:10cv248, 2010 WL 2740075, at *2 (M.D. Fla. Jul. 12, 2010).

Defendant emphasizes, however, that other circuits have applied *Goldlawr* to deny transfers in favor of dismissals where the filing error was obvious. *See, e.g., Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993); *Cote v. Wadel*, 796 F.2d 981 (7th Cir. 1986).  In *Nichols*, for example, the Fourth Circuit explained that the "negative implication" of *Goldlawr* "is that where a plaintiff's attorney files in the wrong jurisdiction not 'because [he/she] . . . made an erroneous guess with regard to an elusive fact,' but because he/she made an obvious error, transfer under section 1406 is inappropriate." *Nichols*, 991 F.2d at 1201 (quoting *Goldlawr*, 369 U.S. at 466).  At the same time, though, the Fourth Circuit noted that it was "not imply[ing] that a district court would necessarily err by granting a plaintiff's motion to transfer an action that the plaintiff's attorney filed in the wrong court because of an obvious error." *Id.* at 1202 n.6; *see also* 14D Charles

Alan Wright, Arthur Miller, Edward H. Cooper, and Richard D. Freer, Federal

Practice and Procedure § 3827, at 555–56  (4th ed. 2013) (A court does not have to

dismiss an action, even "where the plaintiff's attorney reasonably could have

foreseen that the forum in which the suit was filed was improper.").

Applying these principles in view of the circumstances of this case, the court

concludes that a transfer is "in the interest of justice."   § 1406(a).   First,

Defendant's argument that a transfer would be futile because the statute of

limitations expired prior to this suit's filing is not convincing.   Defendant asserts

that Virginia's two-year statute of limitations for personal-injury actions,

applicable by Alabama's choice-of-law rules, bars Plaintiff's action.[2]  He contends

that the accrual date for statute-of-limitations purposes is April 27, 2012, the date

Plaintiff saw a doctor for treatment of her yet-diagnosed symptoms and, therefore,

this action comes three days too late.[3]

There is authority that, where an "action is clearly barred by the applicable

statute of limitations, a transfer would be futile and as such contrary to the interest

---

[2] Defendant points out that "Alabama choice of law rules apply the doctrine of *lex loci delicti* to tort claims, which means that the law of the state in which the injury occurred governs the substantive rights of the injured party." *G.F. Kelly Trucking, Inc. v. U.S. Xpress Enters., Inc.*, 281 F. App'x 855, 861 n.6 (11th Cir. 2008).   Defendant contends that, because the injury occurred in Virginia, the court must apply Virginia's two-year statute of limitations for personal-injury claims.   *See* Va. Code § 8.01-243(3).   This opinion expresses no view on whether Defendant's argument is correct.

[3] Three days later, on April 30, 2012, Plaintiff was diagnosed with herpes, and she filed this action two years after that date, on April 30, 2014.  (*See* Compl. ¶ 5.)

of justice." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994); *cf. Froelich v. Petrelli*, 472 F. Supp. 756, 760 (D. Haw. 1979) (finding that a transfer to the proper venue would be futile since California's statute of limitations had run prior to the filing of the claim, but noting that, "[i]f this suit had been filed [in Hawaii] before the California statute of limitations had run, . . . a transfer would be proper"). Defendant's focus on Alabama's choice-of-laws rules is misplaced, however. The focus must be on Texas's choice-of-law rules and the statute of limitations those rules dictate: "[F]ollowing a section 1406(a) transfer, regardless of which party requested the transfer or the purpose behind the transfer, the transferee court must apply the choice of law rules of the state in which it sits." *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1110 (5th Cir. June 1981).[4] Hence, the fact that Plaintiff improperly filed the action here affords no grounds, standing alone, for application of Alabama's choice-of-law rules, which Defendant contends yields a two-year statute of limitations.

Importantly, Defendant has not analyzed the statute of limitations under Texas's choice-of-law rules, nor has Defendant addressed his statute-of-limitations defense separately as to each of the four claims in the Complaint, but rather has treated the claims collectively as subject to the same statute of limitations. There is

---

[4] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

some support for the premise, however, that Texas courts would apply its state's statute of limitations and not Virginia's. *See Woolley v. Clifford Chance Rogers & Wells, L.L.P.*, No. 3:01-CV-2185, 2004 WL 57215, at *5 (N.D. Tex. Jan. 5, 2004) (collecting cases); *see also Hollander v. Capon*, 853 S.W.2d 723, 727 (Tex. App. 1993) ("The statute of limitations is a procedural issue. If the action is barred by the statute of limitations of the forum court in which the lawsuit is pending, no action can be maintained even if the action is not barred in the state where the cause of action arose."). There also is some indication that, under Texas law, the statute of limitations would be four years on the fraudulent misrepresentation claim. *See Shannon v. Law-Yone*, 950 S.W.2d 429, 433 (Tex. App. 1997) ("A claim for misrepresentation that can be read as a common-law fraud action is governed by the four-year statute of limitations.").

While these Texas authorities are noted, the court declines to engage in a full analysis surrounding the complexities of choice-of-law issues or to decide the statute-of-limitations issue without the aid of briefing from Defendant. Suffice it to say that Defendant bears the burden of proving the affirmative defense of statute of limitations, including when his opponent's causes of action accrued, and cannot meet that burden by relying on Alabama's choice-of-law rules, particularly when there is at least some indication that the transferee court may apply a more generous statute of limitations than the one Defendant urges. Defendant has not

11

demonstrated that this action is barred by the statute of limitations so as to render a transfer futile and contrary to the interest of justice.

Second, Defendant points to no evidence and makes no argument that Plaintiff sought to obtain an advantage by filing improperly in this court. As stated, the transferee court will analyze the choice-of-law rules as if the action had been commenced in, rather than transferred to, that court, and, as the discussion above confirms, no authority has been cited that demonstrates that Plaintiff was attempting to take advantage of a longer limitations period by filing her action in Alabama. There similarly is no accusation that Plaintiff filed here to harass Defendant.

Third, Defendant has not demonstrated that he will suffer undue prejudice if this action is transferred. He will be able to defend Plaintiff's claims on statute-of-limitations grounds under Texas choice-of-law rules, and a transfer will not impede his "position on the merits." *Sinclair*, 711 F.2d at 293. Additionally, a transfer to the Northern District of Texas will move this action to a forum that is more geographically convenient to Defendant. *See Gibbons v. Fronton*, 661 F. Supp. 2d 429, 436 (S.D.N.Y. 2009) ("[B]ecause defendants reside in Florida, they would not be prejudiced by transferring the case there."). On the other hand, Defendant has raised a question as to whether some of Plaintiff's claims are barred by a two-year statute of limitations, and, if he is correct, then the parties'

contentions as to whether the onset of symptoms or the date of the herpes diagnosis is the accrual date become crucial.  In that scenario, transferring this action, rather than dismissing it, will preserve the present filing date for purposes of litigating the statute-of-limitations defense, while a dismissal would result in a time bar upon refiling in the proper forum.  *See Daniel*, 428 F.3d at 435.  A transfer will avoid prejudice to Plaintiff and the "time consuming" and potentially "justice-defeating" process of re-filing in the Northern District of Texas.  *Goldlawr*, 369 U.S. at 467.

Fourth, it is recognized that Plaintiff has not provided much of an explanation for why she brought this action in the wrong forum.  She contends that she just recently discovered that Defendant resides in the Northern District of Texas, but she does not explain why prior to that discovery, she believed that the Middle District of Alabama provided the appropriate forum.  While this factor may favor Defendant, the court is not satisfied, in light of the record as a whole, that it presents sufficient reason to warrant dismissal over transfer.  The broad discretion afforded courts in the decision of whether to transfer a case under § 1406(a) does not mandate dismissal, even when the filing error is obvious.  *See Goldlawr*, 369 U.S. 463 ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue . . . .").

In sum, the interest of justice is furthered by transferring this action, rather than dismissing it.   Defendant's motion to dismiss is due to be denied, and Plaintiff's motion to transfer is due to be granted.  Transfer to the Northern District of Texas, a proper forum, is appropriate.

## V.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

(1)     Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. # 6) is DENIED;

(2)     Plaintiff's Motion to Transfer Venue (Doc. # 14) is GRANTED, and this action is TRANSFERRED to the United States District Court for the Northern District of Texas; and

(3)     The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the terms of this order.

It is further ORDERED that Plaintiff's Motion to Set Case for Hearing (Doc. # 9) is DENIED.

DONE this 30th day of September, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

14